UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIAM JERMICHAEL CARTER,

    Petitioner,

v.                                                              Case No. 2:07-cv-040
                                                              HON. GORDON J. QUIST

JERI-ANN SHERRY,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner William Jermichael Carter filed this petition for writ of habeas corpus challenging the validity of his conviction for second-degree murder, in violation of MCL § 750.317, and for driving with a suspended license, in violation of MCL § 257.904a. Petitioner was convicted of these charges on November 9, 1999. On December 28, 1999, petitioner was sentenced to 24 to 44 years imprisonment on the murder charge and to time served on the suspended license charge. Following his conviction, petitioner filed a direct appeal with the Michigan Court of Appeals. The Michigan Court of Appeals rejected petitioner's claims and the Michigan Supreme Court denied leave to appeal. Petitioner then filed a motion for relief from judgment in the trial court, which was denied. Petitioner next filed an application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal, as did the Michigan Supreme Court.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter

is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner has raised the following issues in his petition:

I. Denial of fair and impartial jury due to jury taint during trial.

II. Prosecutorial misconduct by threatening a witness.

III. Defendant's constitutional right to counsel was violated by witness's testimony that defendant consulted with counsel prior to line-up.

IV. Defendant was denied his due process right to be sentenced on the basis of accurate information, and in violation of Blakely, where sentencing court made a 100-point error in the calculation of his guidelines.

V. Defendant was denied his right to the effective assistance of counsel at trial, at sentencing, and on appeal.

During petitioner's trial, two jurors expressed concerns that they had been followed to their vehicles by people who were sitting in the courtroom. In response, the judge asked them whether they felt they could still be fair and impartial towards petitioner, and they responded that they could. The judge then stated that petitioner was not responsible for the actions, and offered the service of court deputies to accompany jurors to their cars for the rest of the trial.

One witness testified that he had allegedly been threatened by the investigator questioning him when he named someone other than petitioner as the driver of the vehicle that killed the victim. The witness stated he was told that he would do time in prison for violating his parole if he did not testify that petitioner was the driver. This allegedly caused him to change his response. Taped evidence of his subsequent statement that petitioner was the driver was introduced at trial.

When asked at trial who was the driver was, the witness named someone other than petitioner. The prosecutor responded by saying, "bye."

Testimony was also given that petitioner had consulted with his attorney prior to refusing to participate in a lineup. Petitioner's trial counsel objected to the questioning that led to this testimony on relevance grounds.

Petitioner challenged his sentence for the first time in his motion for relief from judgment, alleging that the guidelines were scored incorrectly. At a hearing on this motion, the trial court found that even if relief was granted on this issue and petitioner's guidelines were changed, the court would still impose the same sentence.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of

the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by

a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Respondent argues that petitioner's first, third, fourth, and fifth claims are all procedurally defaulted. When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review. *See Ylst v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to petitioner's claim and that petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord *Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop for consideration of a federal question." *Lee v. Kemna*, 122 S.Ct. 877, 878 (2002). A petitioner may also excuse a default by making a colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (*citing Murray v. Carrier*, 477 U.S. 478, 495 (1986)). This exception is reserved for a vary narrow class of cases, based on a claim of "new reliable evidence." *Schlup*, 513 U.S. at 315, 324.

In his first claim, petitioner argues that his constitutional right to a fair and impartial jury was violated when the trial court failed to take adequate steps after two jurors alleged that individuals the jurors had seen in the courtroom had followed them to their vehicles. Petitioner failed to object to the action taken by the trial court in response to the situation. Accordingly, the Michigan Court of Appeals reviewed the issue for plain error on petitioner's direct appeal. The Michigan Court of Appeals found that no plain error had occurred, stating:

> Here, no such showing can be made. The court inquired whether the impartiality of the jurors was negatively affected (the jurors denied any such effect), took steps to ensure that the jurors would feel secure from that point forward, and instructed the jurors that it did not appear that defendant had anything to do with the incident. Moreover, defendant merely speculates in arguing on appeal that the unidentified "'followers," described only as sitting "on that side of the courtroom," were associated in the jurors' minds with him and that the jurors inevitably would have had their impartiality negatively impacted by the event. Because this issue was forfeited, and neither plain error, actual innocence, nor a serious, negative impact on the integrity of the proceedings can be shown, we find no basis for appellate relief.

*Michigan v. Carter*, No. 225049, at 1 (Mich. App. Jan. 11, 2002).

Petitioner's claims are barred by procedural default where the Michigan Court of Appeals expressly relied on Michigan's contemporaneous objection rule in denying petitioner's claim. It is clear that the contemporaneous objection rule was well-established at the time of petitioner's trial. *See, e.g.*, *People v. Kelly*, 423 Mich. 261, 271 (1985). A rule designed to arm trial judges with the information needed to rule reliably "serves a governmental interest of undoubted legitimacy." *Lee v. Kemna*, 534 U.S. 362, 384 (2002). Petitioner's failure to comply with the state's independent and adequate state procedural rule, i.e., making a contemporaneous objection, caused him to default his claim in state court. *See Wainwright*, 433 U.S. at 87-88; *West v. Seabold*, 73 F.3d 81, 84 (6th Cir.), *cert. denied*, 518 U.S. 1027 (1996). Accordingly, review by this court is barred

unless petitioner can show cause and prejudice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

Petitioner argues that his trial counsel's failure to object to the procedure used by the trial court following the allegations by the jurors serves as cause to excuse the default. In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Bruner v. Perini*, 875 F.2d 531, 535 (6th Cir.), *cert. denied*, 493 U.S. 938, 110 S. Ct. 334 (1989) (citing *Strickland v. Washington*, 466 U.S. 668, 688-96, 104 S. Ct. 2052, 2065, 69, 80 L. Ed. 2d 647 (1984)).

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*, 142 F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 1547 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, the petitioner is not entitled to relief if his counsel's error had no effect on the judgment. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

The court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable

professional judgment and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999).

In the opinion of the undersigned, petitioner has failed to show that counsel was ineffective in failing to object to the court's inquiry. In fact, the evidence shows that the two jurors who raised the allegations of being followed specifically stated that they felt they could still be fair and impartial towards petitioner. Therefore, petitioner's claim of ineffective assistance of counsel based on counsel's failure to object to the procedure adopted by the trial court following the allegations of the jurors that they were followed is properly dismissed as being without merit. As such, cause and prejudice have not been established to excuse the procedural default.

In his third claim, petitioner argues that his constitutional right to counsel was violated when testimony was given at trial that petitioner had consulted with his attorney prior to deciding not to participate in a lineup. The Michigan Court of Appeals applied plain error analysis to this issue, stating:

> First, we note that defendant forfeited this issue as well, objecting to the testimony at trial not on constitutional right-to-counsel grounds but only on relevancy grounds. Objection on one basis does not preserve a claim of error with respect to a different basis. *People v. Stimage*, 202 Mich. App. 28, 30 (1993). Defendant has shown no plain error requiring reversal. *See People v. Carines*, 460 Mich. 750, 774 (1999).
>
> Indeed, defendant admits that there is no constitutional right to forgo participation in a lineup. *See People v. Gunter*, 14 Mich. App. 758, 759 (1968). While a defendant's constitutional rights may be violated if evidence is offered that he consulted a lawyer before exercising his constitutional right to remain silent, the constitutional right protected by this rule is the right to remain silent, not the right to counsel. Here, given that there is no constitutional right to forgo participation

> in a lineup, we conclude that evidence that defendant consulted with an attorney before declining the lineup did not give rise to an impermissible inference, because a negative inference drawn from the refusal to participate, whether at the suggestion of an attorney or on one's own motion, is permissible. *See generally People v. Benson*, 180 Mich. App. 433, 437-439 (1989), *reversed in part on other grounds*, 434 Mich. 903 (1990). In addition, we note that, contrary to defendant's argument, the prosecutor did in fact not refer to defendant's consultation with counsel in closing argument.
>
> *Carines* defines "plain error" as a "clear" or "obvious" error. *Carines*, *supra*, at 763. Given the lack of authority supporting defendant's appellate argument, no clear or obvious error occurred. Nor, in our opinion, did the brief testimony regarding defendant's consultation with his attorney affect the outcome of the case. *Carines*, *supra*, at 763.

*Michigan v. Carter*, No. 225049, at 2.

As noted by the Michigan Court of Appeals, petitioner failed to object to the testimony at trial on constitutional grounds. Therefore, petitioner has procedurally defaulted on this claim, and review by this court is barred unless petitioner can show cause and prejudice.

Petitioner argues that his trial counsel's failure to object on constitutional grounds to the testimony that petitioner spoke with counsel before deciding not to participate in a lineup constituted ineffective assistance of counsel, thus serving as cause to excuse his procedural default. In the opinion of the undersigned, petitioner's claim of ineffective assistance of counsel based on counsel's failure to object to this testimony, on constitutional grounds, is properly dismissed as being without merit. Petitioner has failed to establish cause and prejudice to excuse this procedural default. Petitioner has failed to show that he was denied a constitutional right. As the Michigan Court of Appeals noted, participation in a lineup does not violate a petitioner's constitutional right against self compulsion. *See United States v. Wade*, 388 U.S. 218, 222 (1967). Petitioner was represented by counsel who was present when he made his decision not to participate in the lineup,

so his Sixth Amendment right to counsel was not violated. Therefore, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In his fourth claim, petitioner argues that a due process violation occurred when the sentencing court made a 100-point error in the calculation of his guidelines. Petitioner contends that this was in violation of *Blakely*. Additionally, petitioner argues that his constitutional rights were violated when he was denied the opportunity to speak at the hearing on his motion for relief from judgment, where the judge decided that even if the guidelines were altered as petitioner had requested, an identical sentence would be imposed.

Respondent contends that this claim has been procedurally defaulted. The claim was first raised in a collateral appeal by petitioner, and relief was denied by the trial court, the Michigan Court of Appeals, and the Michigan Supreme Court. The Michigan Court of Appeals expressly stated that it denied petitioner's application for leave to appeal on the basis that petitioner failed to meet the burden of establishing entitlement to relief under MCR § 6.508(D). Under MCR § 6.508(D)(2) and (3), a defendant may not collaterally attack a conviction based upon claims that were decided against him in a prior appeal or that could have been raised on direct appeal. For claims that could have been raised, the defendant is entitled to relief only if he can establish "good cause" for failing to raise the grounds on appeal and "actual prejudice," as shown by a "reasonably likely chance of acquittal" or an "irregularity so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand." MCR § 6.508(D)(3)(a)-(b). In assessing how "firmly" a state procedural rule has been established, the critical inquiry is whether, viewed

from the time of the petitioner's later significant actions or inaction, the petitioner could be deemed to have been apprised of the procedural rule's existence. *Luberda v. Trippett*, 211 F.3d 1004, 1006-1007 (6th Cir. 2000). Because MCR § 6.508(D) was enacted in 1989 and petitioner's conviction and appeals took place after that date, MCR § 6.508(D) was a "firmly established" procedural rule for purposes of petitioner's action. *See Luberda*, 211 F.3d at 1007; *Rogers v. Howes*, 144 F.3d 990, 994 (6th Cir. 1998). Therefore, petitioner has procedurally defaulted on this claim, and review by this court is barred unless petitioner can show cause and prejudice.

Petitioner argues that his trial counsel's failure to object to the inaccurate guideline calculation during sentencing constituted ineffective assistance of counsel, thus serving as cause to excuse procedural default. As the record shows, the trial judge at the hearing on petitioner's motion found that even if relief was granted on this issue and petitioner's guidelines were changed, the court would still impose the same sentence. Therefore, petitioner has failed to show that the outcome of the sentencing proceeding would have been different. In the opinion of the undersigned, petitioner's claim of ineffective assistance of counsel based on counsel's failure to object to the guideline calculation by the trial court at the time of sentencing is properly dismissed as being without merit.

Moreover, petitioner has failed to show that he was denied a constitutional right. Petitioner argues that his due process rights were violated when he was sentenced based on an inaccurate calculation of the guidelines. Generally, errors in sentencing do not present a federal issue cognizable in habeas corpus proceedings. *See Johnson v. Arizona*, 462 F.2d 1352 (9th Cir. 1972); *Pringle v. Beto*, 424 F.2d 515 (5th Cir.1970). To the extent that petitioner challenges the correctness of his sentence on the basis of state law, petitioner is not entitled to habeas review unless there has been a fundamental miscarriage of justice. *See Bagby v. Sowers*, 894 F.2d 792 (6th Cir.), *cert. denied*, 496 U.S. 929 (1990).

Furthermore, MCL § 750.317 provides for punishment of any term of years up to life for the crime petitioner was charged with. Therefore, petitioner has not set forth a federal question because his sentence was imposed within the state statutory limit. *Haynes v. Butler*, 825 F.2d 921, 923-24 (5th Cir. 1987), *cert. denied*, 484 U.S. 1014 (1988).

> [A] state trial court's sentencing decision and claims arising out of the decision are not generally constitutionally cognizable, [though] relief may be required where a petitioner is able to show that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law. *E.g.*, *Bozza v. United States*, 330 U.S. 160, 166, 67 S.Ct. 645, 648-49, 91 L.Ed. 8181 (1947); *United States v. Jackson*, 696 F.2d 320, 321 (5th Cir. 1983); *Willeford v. Estelle*, 538 F.2d 1194, 1196-97 (5th Cir. 1976). If the sentence is within the statutory limits, the petitioner must show that the sentencing decision was wholly devoid of discretion or amounted to an "arbitrary or capricious abuse of discretion," or that an error of law resulted in the improper exercise of the sentence's discretion and thereby deprived petitioner of his liberty.

*Id*. at 923-24.

Petitioner's sentence does not exceed the statutory limit nor has petitioner shown that the sentence amounted to an arbitrary and capricious abuse of discretion. Therefore, this argument does not show a violation of a constitutional right.

Petitioner relies on *Blakely v. Washington*, 542 U.S. 296 (2004), arguing that any increase in a sentence imposed based on facts not submitted to a jury is unconstitutional. However, the issue presented in *Blakely* was the constitutionality of a statute which set out a guideline range of sentences, but permitted a court to impose a sentence in excess of those guidelines based on facts not submitted to a jury. In Michigan, a court does not have the authority to exceed the statutorily authorized sentence, and the sentences imposed here by the trial court do not exceed the statutorily authorized sentences. Therefore, *Blakely* is not applicable, and this argument does not provide support for the argument that petitioner's constitutional rights were violated during sentencing.

Petitioner additionally argues that his constitutional rights were violated when he was denied the ability to speak at the hearing on the relief from judgment motion. However, "there is no constitutional right to allocution under the United States Constitution." *Pasquarille v. United States*, 130 F.3d 1220, 1223 (6th Cir. 1997), *citing Hill v. United States*, 368 U.S. 424, 428 (1962).

In summary, petitioner has failed to establish that he was denied a constitutional right. The Michigan appellate courts' denial of leave to appeal this issue did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In his fifth claim, petitioner argues that he received ineffective assistance of counsel at trial, at sentencing, and on appeal. Specifically, petitioner discusses his trial counsel's failure to raise the issues asserted in petitioner's first, third and fourth claims, and his appellate counsel's failure to object based upon the issues asserted in petitioner's fourth claim. For the reasons stated, petitioner has failed to show that his counsel at trial, at sentencing, or on appeal provided ineffective assistance. Therefore, the Michigan appellate courts' denial of leave to appeal this issue did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In his second claim, petitioner argues that improper prosecutorial misconduct occurred when a witness identified someone other than petitioner as the driver of the vehicle during questioning. The investigator allegedly informed the witness that he would be sentenced to prison

if he did not identify petitioner as the driver. Petitioner claims that a due process violation occurred when testimony of the witness's statement that was given as a result of this alleged threat, naming petitioner as the driver, was introduced at trial.

In his direct appeal, petitioner raised the same prosecutorial misconduct argument, additionally focusing on the prosecutor's remarks of "bye" and "good-bye" to the same witness when the witness failed to identify the defendant as the driver of the vehicle. The Michigan Court of Appeals rejected this argument, stating the following with regard to the prosecutor's "bye" and "goodbye" comments:

> Here, defendant promptly objected to the prosecutor's comments, the objection was sustained, and the prosecutor was admonished, in the hearing of the jury, not to make such remarks. Moreover, if the purpose of the prosecutor's comments was to frighten the witness into changing his testimony, he was unsuccessful: the witness maintained in his testimony that defendant had not been driving the vehicle in question. Therefore, if the incident had any effect, it could only have been to defendant's advantage. The prosecutor's comments did not deny defendant a fair trial or affect the outcome of the case. *People v. Minor*, 213 Mich. App. 682, 689 (1995). Nor, contrary to defendant's implication, do we find that any other intimidation requiring reversal occurred in this case. As noted in *People v. Layher*, 238 Mich. App. 573, 587 (1999), a witness properly may be informed that false testimony can result in a perjury charge.

*Michigan v. Carter*, No. 225049, at 2-3.

In order to show prosecutorial misconduct, petitioner must show prejudice from the alleged errors. Ultimately, the issue for the Court is whether the prosecutor's conduct denied petitioner a fundamentally fair trial. *Smith v. Phillips*, 455 U.S. 209, 219, 102 S. Ct. 940 (1982). *See also United States v. Carroll*, 26 F.3d 1380 (6th Cir. 1994) (adopting test for evaluation of prosecutorial misconduct on direct review); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348 (6th Cir. 1993) (applying similar test to habeas action). Inappropriate remarks or conduct by

a prosecutor constitute a matter of constitutional concern only when it is egregious enough to deprive the defendant of a fair trial. *See United States v. Chambers*, 944 F.2d 1253 (6th Cir.), *cert. denied*, 112 S. Ct. 1217 (1992); *United States v. Mohney*, 949 F.2d 1397, 1400 (6th Cir. 1991), *cert. denied*, 112 S. Ct. 1940 (1992); *Paprocki v. Foltz*, 869 F.2d 281 (6th Cir. 1989). Here, petitioner has failed to show prejudice from the alleged errors. In fact, the witness testified favorably for petitioner at trial. Therefore, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of petitioner's second and fifth claims was debatable or wrong. With regard to petitioner's claim of prosecutorial misconduct, petitioner failed to show prejudice from the alleged errors. With regard to petitioner's claims of ineffective assistance of counsel, petitioner failed to show prejudice. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability with regards to petitioner's second and fifth claims.

The undersigned recommends that the court deny petitioner's first, third and fourth claims on grounds of procedural default. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that petitioner's first, third, and fourth claims are properly dismissed on the grounds of procedural default. With regard to each of these claims, petitioner failed to show the existence of ineffective assistance of counsel, and therefore failed to establish cause to excuse the procedural default. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* The court also finds that reasonable jurists could not find it debatable that the petitioner failed to present a valid

claim of a denial of a constitutional right in his third and fourth claims. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: July 30, 2009