UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

WILLIAM JERMICHAEL CARTER,

    Petitioner,

v.                                                                                Case No. 2:07-CV-40

JERI-ANN SHERRY,                                       HON. GORDON J. QUIST

    Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Petitioner's Objections to the report and recommendation dated July 30, 2009, in which Magistrate Judge Greeley recommended that Petitioner's habeas petition be denied. Petitioner raised the following claims:

    I.      Denial of fair and impartial jury due to jury taint during trial.

    II.     Prosecutorial misconduct by threatening a witness.

    III.    Defendant's constitutional right to counsel was violated by witness's testimony that defendant consulted with counsel prior to line-up.

    IV.    Defendant was denied his due process right to be sentenced on the basis of accurate information, and in violation of *Blakely*, where sentencing court made a 100-point error in the calculation of his guidelines.

    V.     Defendant was denied his right to the effective assistance of counsel at trial, at sentencing, and on appeal.

The magistrate judge concluded that claims I, III, and IV were procedurally defaulted and that Petitioner failed to show cause for his failure to comply with the procedural rule and actual prejudice from an alleged constitutional error, as required to avoid the procedural bar on these

claims. The magistrate judge further found that claim V, which asserted ineffective assistance of counsel at trial, at sentencing, and on appeal, failed to present a basis for relief, as that claim merely repeated the arguments for ineffective assistance asserted in claims I, III, and IV. Finally, regarding claim II, the magistrate judge concluded that the prosecutor's statements to the witness did not prejudice Petitioner, because the witness testified favorably for Petitioner.

After conducting a *de novo* review of the report and recommendation, the Court concludes that it should be adopted and the petition denied.

With regard to claim I, Petitioner argues that the Court should reject the magistrate judge's conclusion that trial counsel was not ineffective for failing to object to the procedure the trial court used to determine whether the jurors were impartial after they alleged being followed by persons who were sitting in the courtroom. Petitioner contends that his counsel should have requested an individual, sequestered voir dire for each of the complaining jurors in order to properly determine the extent of their partiality or bias. Petitioner further asserts that the measures the trial court took to assure the jurors' safety and its statement that the defendant appeared to have nothing to do with the incident could not cure the problem as the jurors were "alarmed" by the circumstances. Finally, Petitioner contends that the state court did not actually impose a procedural bar to Petitioner's claims that trial counsel was ineffective.

Taking Petitioner's arguments regarding claim I in reverse order, the Court disagrees with Petitioner that the state court did not apply a procedural bar. As the magistrate judge observed, the Michigan Court of Appeals applied the contemporaneous objection rule, requiring Petitioner to show plain error. Thus, the state court did conclude that Petitioner's claim was procedurally defaulted. Regarding Petitioner's claim that counsel should have objected to the procedure the trial court used to handle the issue, Petitioner fails to show that something more was required. Both jurors who

complained about being followed confirmed that they could still be fair and impartial towards Petitioner, and the trial court informed the jurors that Petitioner apparently was not involved in the incident. Petitioner has not offered anything beyond speculation to show that further inquiry would have led to a different result. Finally, Petitioner's reliance upon *Smith v. Phillips*, 455 U.S. 209, 102 S. Ct. 940 (1982), is misplaced because *Smith* involved active juror indiscretion or misconduct. Moreover, nothing in *Smith* suggests that a more thorough investigation was required in this case.

Regarding claim II, Petitioner contends that the magistrate judge erred in his conclusion that Petitioner was not denied a fundamentally fair trial because the witness testified favorably for Petitioner at trial. Petitioner contends that the magistrate judge's analysis misses the point, because Petitioner's argument is that the witness's prior false accusation, which the witness made in response to the investigator's threats, was admitted at trial and conflicted with the witness's trial testimony identifying someone other than Petitioner as the driver. Petitioner asserts that this was not harmless error because the jurors were presented with conflicting statements by the witness and apparently credited the witness's prior statement resulting from the threat. The Court rejects this argument. As the magistrate judge noted, Petitioner failed to show that the Michigan Court of Appeals' decision was contrary to, or involved an unreasonable application of, clearly established law as determined by the Supreme Court. In *Webb v. Texas*, 409 U.S. 95, 93 S. Ct. 351 (1972), the defendant's only witness was effectively run off the stand by the trial judge's warning that he would personally see that the witness's case would go to the grand jury and that the witness would be indicted if he perjured himself. *See id.* at 95-96, 93 S. Ct. at 352. Here, the witness testified favorably for Petitioner. Moreover, Petitioner's trial counsel cross-examined the witness about the nature of the investigator's alleged threats and the effect they had on the witness, thus allowing the jury to determine whether the alleged threats resulted in an untruthful statement. *See Brown v.*

3

*Jones*, 255 F.3d 1273, 1282 (11th Cir. 2001) (noting that the defendant's trial counsel had the opportunity to cross-examine the witness about his taped interrogation and that the taped interrogation itself was introduced into evidence, allowing the jury to determine whether the interrogation resulted in untruthful testimony). Thus, Petitioner's due process rights were not violated.

Regarding claim III, the magistrate judge concluded that Petitioner failed to show cause and prejudice for his counsel's failure to object to testimony that Petitioner consulted with his attorney prior to declining to participate in a lineup. Concurring with the Michigan Court of Appeals, the magistrate judge concluded that Petitioner failed to show that his rights were violated because participation in a lineup does not violate a defendant's constitutional right against self compulsion. Petitioner contends that this analysis is flawed because he is not arguing that the prosecutor's comment on his refusal to participate in a lineup violated his rights. Rather, he asserts, the prosecutor's comment violated his right to counsel. Petitioner contends that this testimony violated his rights because it created a two-fold impermissible inference: (1) that only guilty people need lawyers; and (2) Petitioner knew he would be identified in the lineup. The Court concludes that the evidence created no impermissible inference. As the magistrate judge observed, an accused may be required to participate in a lineup without violating his right against self compulsion. *United States v. Wade*, 388 U.S. 218, 222, 87 S. Ct. 1926, 1930 (1967). Admission of testimony that a defendant refused to participate in a lineup, which alone tends to indicate guilt, does not result in constitutional error. *United States v. Parhms*, 424 F.2d 152, 154 (9th Cir. 1970). Given that Petitioner consulted with his counsel, there is no basis for concluding that his right to counsel was violated simply because testimony to that effect was admitted. Moreover, Petitioner cites no authority to support his argument.

Petitioner finally contends that the magistrate judge erred in concluding that Petitioner's claim VI – based upon an inaccurate sentencing guideline calculation – should be rejected because Petitioner has a right to be sentenced based upon accurate information. The Court finds no reason to reject the magistrate judge's conclusion on this issue. As the magistrate judge correctly observed, state law sentencing errors generally are not cognizable for federal habeas relief. *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000). The issue was whether on offense variable was properly scored, which is a state law issue. Moreover, Petitioner failed to demonstrate prejudice, as the substitute sentencing judge stated that even if the offense variable were correctly scored, he would still impose the same sentence. Finally, contrary to Petitioner's assertion, the trial judge did not resentence Petitioner.[1] Therefore, Petitioner's argument is rejected.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Petitioner's claims, including his objections, under the *Slack* standard.

---

[1] Petitioner argues that his sentencing issue is not procedurally defaulted because in ruling on his 6.500 motion, the trial court, as the last reasoned state court judgment, considered Petitioner's challenge on the merits. Even if the trial court's ruling were the last state court judgment, Petitioner would still be required to demonstrate cause and prejudice because the trial court concluded that Petitioner failed to establish entitlement to relief under MCR 6.508(D). *See Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994).

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued July 30, 2009 (docket no. 33) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objections (docket no. 34) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

A separate judgment will issue.


Dated: December 29, 2009                             /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE